UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DEAN BRISBOIS
          Petitioner,

                                                        Case No. 1:08-cv-399

          -v-

                                                        HONORABLE PAUL L. MALONEY

PETER E. DEEGAN et al.,
          Respondents,


Order Overruling the Petitioner's Objection and Adopting the Report and Recommendation

          This Court has before it a Report and Recommendation (Dkt. No. 3) and Petitioner's

Response  (Dkt. No. 4) titled "Petitioner's Responsive Reply in Objection To The Magistrate's

Report and Recommendation." Petitioner is currently an inmate under the control of the

Michigan Department of Corrections - Muskegon Correctional Facility (MDOC).  The original

petition was filed by Petitioner on April 30, 2008.  Petitioner alleges that he is illegally detained

because the various state agents involved in his incarceration, the state court judge, the Michigan

Prosecuting Attorney, and his court appointed attorney, are not registered as Foreign Agents with

the United States Attorney General as required by the Foreign Agents Registration Act, 22

U.S.C. §§ 611, *et seq*.  Petitioner is seeking his immediate release from prison and an order

issued vacating all sentences imposed upon him by the alleged unregistered Foreign Agents.

The petition was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge.

Magistrate Carmody issued a Report and Recommendation (R&R) in which she recommended

dismissing the complaint as frivolous. Petitioner filed his objection in a timely manner.


**I. STANDARD OF REVIEW**

1

After being served with a report issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The district court is not bound to a de novo review to objections which are "frivolous, conclusive or general." *Id.*(quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982)).  The United States Supreme Court has held that the statute does not "positively require [ ] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S., 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan* at 984. *See also Arn* at 155 (upholding the Sixth Circuit's practice).  The district court judge may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28.U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Having read the file, including the report, recommendations, objections and relevant authority, the Report and Recommendation is adopted over Petitioner's objections.

**II. ANALYSIS**

The Magistrate Judge determined there is no legal basis for concluding Petitioner's incarceration is invalid, finding Petitioner's complaint lacking any arguable basis in law or fact. The Report and Recommendation explains that "a habeas petition must 'state facts that point to a real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63,75 n.7 (1977)(quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS

CASES).

Petitioner objects on the basis that the Report Recommendation lacks legal citations or other evidence of legal research.  Petitioner then reiterates his interpretation of the law which mirrors his original objections.

This Court finds the Report and Recommendation well reasoned. The United States Supreme Court has found implicitly and explicitly "that the states have broad power to regulate the practice of law is, of course, beyond question."  *United Mine Workers v. Ill. Bar Ass'n*, 389 U.S. 217, 222 (1967). *See Brotherhood of R. Trainmen v. Virginia*, 377 U.S.1, 6 (1964)("Virginia undoubtedly has the power to regulate the practice of law within its borders"); *Wilbon v. Thomas*, No. 2:07-CV-11903 (E.D. Mich July 23, 2007)("However, what is clear in the correspondence is that as long as an individual passes the Michigan State Bar Exam and remains in good standing, that individual may engage in the practice of law, which includes embarking upon a judgeship). "The interest of the State regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the court.'" *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975)(citations omitted).

Petitioner's objection is overruled.  Rule 4 of the RULES GOVERNING HABEAS CORPUS CASES allows for the dismissal of petitioner's complaint if such a complaint is legally frivolous or includes factual allegations which are "palpably incredible or false."  *Carson v. Burke*, 178 F. 3d 437, (6th Cir. 1999). The Magistrate's Report and Recommendation addressed and rejected all of Petitioner's objections as irrelevant or as an inaccurate interpretation of the law.  Case law such as *United Mine Workers, Goldfarb,* and *Wilbon* support that the State of Michigan has the

authority to license legal professionals such as a judge or an attorney in Michigan.


ORDER

The Report and Recommendation (Dkt. No. 3). Is **ADOPTED OVER OBJECTIONS**.

Petitioner's objections (Dkt. No. 4) are **DENIED** and the complaint is **DISMISSED**.

This case is **TERMINATED**.

**IT IS SO ORDERED**.


Date:   July 7, 2008                                      /s/ Paul L. Maloney
                                                         PAUL L. MALONEY
                                                         United States District Judge